# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORID
# ORLANDO DIVISION

**Case No.** 6:23-cv-01887

WOMEN IN STRUGGLE, et al.

    *Plaintiffs*,

vs.

ANDREW BAIN, et al.

    *Defendants*.

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

_____

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiffs Women in Struggle, Melinda Butterfield, Christynne Wood, Brianna Kelly, Tsukuru Fors, Lindsey Spero, and Anaïs Kochan (collectively "Plaintiffs") have moved this Court for a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeking to block Defendants Andrew Bain, Eric Smith, Kevin Edmonds, David Dunn, Spencer Tong, Kory Keith, John W. Mina, Jared Perdue, John Tyler, Thomas Draper, and Alex Martins (collectively "Defendants") from enforcing Florida Statute § 553.865 against them, as applied.

Florida Statute § 553.865 makes it criminal trespass to willfully enter a multi-stall restroom or changing facility "designated for the opposite sex" in a variety of contexts, including in public buildings, which the law defines to mean any building "owned or leased by the state, a state agency, or a political

subdivision." Fla. Stat. § 553.865 (3)(j), (11). The law further defines "sex" as "the classification of a person as either female or male based on the organization of the body of such person for a specific reproductive role, as indicated by the person's sex chromosomes, naturally occurring sex hormones, and internal and external genitalia present at birth." *Id.* at (3)(l). The term "female" is defined as "a person belonging, at birth, to the biological sex which has the specific reproductive role of producing eggs," *id.* at (3)(f), and "male" is defined as "a person belonging, at birth, to the biological sex which has the specific reproductive role of producing sperm." *Id.* at (3)(h).

A practical effect of the law is that it prohibits people from using restrooms in public buildings based on their gender identity, when their gender identity differs from their sex at birth as defined by the law. Plaintiffs, six transgender and nonbinary individuals and an advocacy organization, Women in Struggle, with transgender and nonbinary members, challenge the constitutionality of the law as applied to them under the United States and Florida Constitutions.

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as all accompanying Declarations and evidence, has found and concluded that Plaintiffs have demonstrated their entitlement to a TRO under Federal Rule of Civil Procedure 65 because they can show: (1) a substantial likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) that the equities weigh in favor of the Plaintiffs, and (4) that granting preliminary relief would not

be adverse to the public interest. *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020) (noting "[t]he third and fourth factors merge" in cases brought against government officers).

Plaintiffs have established a substantial likelihood of success on the merits of their claim that Defendants' enforcement of Florida Statute § 553.865 abridges their rights under the First Amendment to the U.S. Constitution by restricting their ability to engage in symbolic speech, suppressing their viewpoints on the relationship between sex and gender, and compelling them to communicate viewpoints with which they disagree. Plaintiffs have established a substantial likelihood of success on the merits of their claim that Florida Statute § 553.865 violates the Fourteenth Amendment by denying them the Equal Protection of laws, and by exposing them to vague and arbitrary criminal law enforcement. Finally, Plaintiffs have established a substantial likelihood of success on their claims that Florida Statute § 553.865 impermissibly burdens their rights to interstate and intrastate travel protected by the Fourteenth Amendment and Article I, Section 2 of the Florida Constitution, respectively.

Plaintiffs have demonstrated that they will suffer immediate and irreparable injuries without the entry of a TRO, including psychological harm, coerced compliance with the law, and the chilling of their core First Amendment speech and protest rights. The balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests also weighs in favor of granting Plaintiffs' Motion.

3

Accordingly, the Plaintiffs have met their burden for demonstrating their entitlement to preliminary relief. The Court further finds that issuance of a TRO is proper pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure without a hearing and without providing Defendants notice or an opportunity to respond. As stated above, Plaintiffs have made a sufficient showing that immediate and irreparable injury will result if Defendants are not enjoined from enforcing Florida Statute § 553.865 against them. Plaintiffs' counsel has also demonstrated that they took appropriate steps to provide Defendants notice of these proceedings. Fed. R. Civ. P. 65(b)(1)(B).

The Court finds that Plaintiffs are not required to provide a Fed. R. Civ. P. 65(c) security deposit pursuant to the public interest litigation exception to the bond requirement.

WHEREFORE, IT IS HEREBY ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors, and any person in active concert or participation with them, are TEMPORARILY RESTRAINED from enforcing, threatening to enforce, or otherwise requiring compliance with Fla. Stat.§ 553.865 against Plaintiffs.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this Order is effective upon service.

This Order will expire on Monday October 9, 2023.

Issued this _____ day of _____, 2023.