**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WOMEN IN STRUGGLE, MELINDA
BUTTERFIELD, CHRISTYNNE WOOD,
BRIANNA KELLY, TSUKURU FORS,
LINDSEY SPERO, and ANAIS KOCHAN,

       Plaintiffs,

v.

ANDREW BAIN, ERIC SMITH, KEVIN
EDMONDS, DAVID DUNN, SPENCER
TONG, KORY KEITH, JOHN W. MINA,
JARED PERDUE, JOHN TYLER,
THOMAS DRAPER, and ALEX
MARTINS,

       Defendants.
_____/

Case No.: 6:23-cv-01887-WWB-DCI

### DEFENDANT SPENCER TONG'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendant Spencer Tong ("Mr. Tong"), by and through his undersigned counsel, pursuant to Rule 65, *Federal Rules of Civil Procedure*, hereby responds to the Plaintiffs' Emergency Motion for a Temporary Restraining Order and Incorporated Memorandum of Law (the "Motion"; Doc 2) filed herein by Plaintiffs, Women in Struggle, Melinda Butterfield, Christynne Wood, Brianna Kelly, Tsukuru Fors, Lindsey Spero, and Anaïs Kochan (collectively, "Plaintiffs"), as follows:

### Introduction

On September 29, 2023, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (the "Complaint"; Doc 1). That same day, Plaintiffs filed the Motion. According to the Complaint, Plaintiffs have filed this action "to challenge Florida Statute § 553.865

(2023) ('Fla. Stat. § 553.865') and to seek declaratory and injunctive relief." Complaint at p. 1.  Plaintiffs allege that they will be traveling to Orlando, Florida to attend a march on October 7, 2023, to protest Fla. Stat. § 553.865 (the "Act") and that during the protest "[s]ome Plaintiffs plan to use a restroom that aligns with their gender, which exposes them to arrest."  Complaint at ¶ 3.  Through the Motion, Plaintiffs seek to enjoin Defendants from enforcing the Act.

On September 29, 2023, the Court entered an endorsed Order directing Defendants to file responses to the Motion on or before 5:00 p.m. on October 2, 2023. (Doc 4).  However, Mr. Tong was not served with the Complaint and the Motion until October 2, 2023.  Upon being served, Mr. Tong retained the undersigned counsel, who have worked diligently to review and respond to the Motion as quickly as possible.

Mr. Tong is named as a defendant in the Complaint "in his official capacity" as the Executive Vice President for the Dr. Phillips Center for the Performing Acts ("DPAC"). Complaint at ¶ 21.  Plaintiffs allege "Mr. Tong's duties include overseeing daily operations at the performing arts center, including, upon information and belief, legal compliance with Fla. Stat. § 553.865 concerning the use of restroom facilities which he has the authority to enforce."  *Id.*  However, DPAC is an independent, not-for-profit corporation that is not a governmental entity or other arm of the government.  As such, neither DPAC nor Mr. Tong has the ability or authority to enforce, interpret, or create any law, including the Act.  As such, there is no relief that Plaintiffs can obtain from Mr. Tong, and Mr. Tong is not a proper party to this action.  Accordingly, the Motion should be denied as to Mr. Tong.

## Argument

**I.     Standard of Review.**

A party seeking a temporary restraining order must establish the following elements: (1) a substantial likelihood that it will prevail on the merits; (2) irreparable injury in the absence of a temporary restraining order; (3) the threatened injury to the movant outweighs the potential harm to the nonmovant; and (4) a temporary restraining order is not adverse to the public interest. *See, e.g.*, *Wall v. Ctrs. For Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021). "A temporary restraining order is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites." *Id.* (brackets in original) (internal quotation marks omitted) (quoting *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). Because Plaintiffs cannot establish each of the requisite elements as to Mr. Tong, the Motion should be denied.

**II.    Plaintiffs Are Not Entitled to Relief Against Mr. Tong Because Such Relief Would Not Redress the Alleged Injury.**

Neither Mr. Tong nor DPAC has any ability to, or responsibility for, enforcing any law, including the Act. As such, there is nothing from which Mr. Tong can be enjoined. Moreover, even if Mr. Tong was a government official, a temporary restraining order against Mr. Tong would still be improper. "In a suit such as this one, where the plaintiff seeks a declaration of the unconstitutionality of a state statute and an injunction against its enforcement, a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with enforcement of the provision at issue." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998). Here, it cannot be disputed that Mr. Tong has no enforcement authority over the Act or the power to arrest.

3

Thus, there is no connection between Mr. Tong and the relief sought by Plaintiffs, and the requested temporary restraining order would not redress Plaintiffs' injuries. *See Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1205 (11th Cir. 2021) (stating "judgment against the Attorney General prohibiting her from enforcing § 32 wouldn't significantly increase the likelihood of redressing the plaintiff's injuries because … the Attorney General has no enforcement authority"). Indeed, "[w]ithin the context of a pre-enforcement challenge to a statute, the causation element of standing requires the Plaintiff to show, 'at the very least, that the official has the authority to enforce the particular provision that he has challenged, such that an injunction prohibiting enforcement would be effectual.'" *Garcia v. Stillman*, Case No. 22-cv-24156-BLOOM/Otazo-Reyes, 2023 WL 2809519, at *8 (S.D. Fla. Apr. 5, 2023). Because Mr. Tong does not have authority to enforce the Act, the requested temporary injunction should be denied as to Mr. Tong.

### III.     The Motion Is Not an Emergency Because Plaintiffs' Failed to Timely Seek the Requested Relief, and Thus Plaintiffs Fail to Establish Irreparable Harm.

Plaintiffs filed the Motion as an "Emergency" and requested "a decision on their Motion by Thursday, October 5, 2023, to facilitate their participation in the October 7 March." Motion at p. 2. However, no emergency existed to justify Plaintiffs waiting to file the Motion until just over a week before the scheduled event. Due to Plaintiff's Friday filing, Mr. Tong was not even served until after the Court-ordered deadline to respond to the Motion, depriving him of the opportunity to fully investigate and respond to the Motion. Based on Plaintiffs' own postings, they have been planning the October 7, 2023, event since at least mid-2023. Also, Plaintiffs applied for their permit for the event with the City of Orlando on September 5, 2023. Nevertheless, Plaintiff waited over 3-weeks to file the

4

instant lawsuit and Motion.

Plaintiffs' delay in seeking a temporary restraining order, standing alone, warrants denial of the Motion. This Court consistently has "determined that a plaintiff cannot establish the threat of irreparable injury sufficient to warrant entry of an *ex parte* temporary restraining order where the emergency nature of the motion is caused by the plaintiff's own delay. 'Delay in seeking a TRO undercuts the proposition that there is a threat of irreparable injury.'" *Grames v. Sarasota Cnty., Fla.*, Case No: 8:20-cv-739-T-36CPT, 2020 WL 1529539, at *4 (M.D. Fla. Mar. 31, 2020) (collecting cases); *see also Allstate Ins. Co. v. Gardner*, Case No: 6:14-cv-681-Orl-31GJK, 2014 WL 12575828, at * (M.D. Fla. May 2, 2014) ("A TRO is only warranted where the Plaintiff demonstrates a substantial threat of irreparable injury. … Delay in seeking a TRO undercuts the proposition that there is a threat of irreparable injury."). Because Plaintiffs delayed in filing the Motion, they cannot demonstrate the irreparable harm required to obtain a temporary restraining order.

## CONCLUSION

Given the foregoing, Plaintiffs are not entitled to any relief against Mr. Tong, as he does not have any enforcement power or authority to arrest. Accordingly, the Motion should be denied.

Dated: October 4, 2023.

/s/ *Jennifer S. Eden*
**Jennifer S. Eden, Esq.**
Florida Bar No. 0867594
jeden@lathamluna.com
**Christina Y. Taylor, Esq.**
Florida Bar No. 0057616
ctaylor@lathamluna.com
Latham, Luna, Eden & Beaudine, LLP

            201 S. Orange Avenue, Suite 1400
            Orlando, Florida 32801
            Telephone: (407) 481-5800
            Facsimile: (407) 481-5801

            *Attorneys for Mr. Tong*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 4th day of October, 2023, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will give notice of electronic filing to all counsel of record.

            /s/ *Jennifer S. Eden*
            Jennifer S. Eden, Esq.