UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WOMEN IN STRUGGLE, MELINDA
BUTTERFIELD, CHRISTYNNE WOOD,
BRIANNA KELLY, TSUKURU FORS,
LINDSEY SPERO and ANAIS
KOCHAN,

           Plaintiffs,

v.                                       Case No.: 6:23-cv-1887-WWB-DCI

ANDREW BAIN, ERIC SMITH, KEVIN
EDMONDS, DAVID DUNN, SPENCER
TONG, KORY KEITH, JOHN W. MINA,
JARED PERDUE, JOHN TYLER,
THOMAS DRAPER and ALEX
MARTINS,

           Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Where there is doubt as to subject-matter jurisdiction, a court may require the party alleging jurisdiction to submit evidence in support thereof. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

In the Complaint (Doc. 1), Plaintiffs allege they were traveling to Orlando, Florida to participate in a rally and they would be returning to their homes outside of Orlando on or before October 8, 2023. (*Id.* ¶¶ 3, 178–301). Plaintiffs have not alleged any intention

to return to Orlando in the future. (*See generally id.*). Thus, it appears that Plaintiffs' claims have become moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "By its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *Nat'l Advert. Co. v. City of Mia.*, 402 F.3d 1329, 1332 (11th Cir. 2005) (quotation omitted). Thus, "[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336.

Therefore, it is **ORDERED** that Plaintiffs shall **SHOW CAUSE** on or before **October 20, 2023**, why this case should not be dismissed for lack of jurisdiction. Failure to do so may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on October 12, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record